Matter of Lee (2025 NY Slip Op 02838)

Matter of Lee

2025 NY Slip Op 02838

Decided on May 8, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 8, 2025

PM-107-25
[*1]In the Matter of Misha Lee, an Attorney. (Attorney Registration No. 5635602.)

Calendar Date:March 31, 2025

Before:Egan Jr., J.P., Pritzker, Lynch, Fisher and Mackey, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Kelsey E. Roche of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Misha Lee, Fort Lee, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2018, following her admission in New Jersey in 2001. In December 2023, respondent was permanently disbarred by the Supreme Court of New Jersey upon her consent (see New Jersey Rules of Court rule 1:20-10 [a]) following her admission that she caused an overdraft on her attorney trust account and misappropriated funds from said account (see Matter of Lee, 256 NJ 86 [2023]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now accordingly moves to discipline respondent as a consequence of her misconduct in New Jersey. Respondent has been heard in response to AGC's motion.
"Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), we may discipline an attorney for misconduct committed in a foreign jurisdiction and, in defense, an attorney may assert any of three defenses as provided for in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b)" (Matter of Shedlick, 234 AD3d 1101, 1102 [3d Dept 2025] [citation omitted]). The three defenses are "limited to a lack of due process, an infirmity of proof establishing the misconduct or that the misconduct in the foreign jurisdiction does not constitute misconduct in New York" (Matter of Heath, 234 AD3d 1239, 1240 [3d Dept 2025] [internal quotation marks and citations omitted]). Here, respondent's brief response to AGC's motion does not cite any of the available defenses, but rather admits the entirety of the allegations as stated in AGC's motion. Likewise, and as argued by AGC, respondent's admitted misconduct in New Jersey — intentional misappropriation of client funds for her personal use — would constitute misconduct if committed in this state (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.15 [a]; see also Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b] [3]). As respondent has waived any defenses, to the extent that any were available to her,[FN1] we grant AGC's motion in this regard and consider the discipline to be imposed (see Matter of Heath, 234 AD3d at 1240; Matter of Haar, 227 AD3d 1364, 1365 [3d Dept 2024]).
We are not obligated to impose the same sanction that was imposed by the foreign tribunal, but rather we are tasked with crafting a sanction that protects the public, maintains the honor and integrity of the profession or deters others from engaging in similar misconduct (see Matter of Sherman, 214 AD3d 1065, 1066 [3d Dept 2023]). AGC seeks respondent's disbarment and, in aggravation, cites respondent's venal intent in misappropriating client funds for her own purposes (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [b]). Respondent's limited response to the motion discloses the presence of personal issues that contributed to her actions, reveals her hope for redemption and the ability to once again become a member of the New York bar in the future (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [c], [l]). While not specifically stated [*2]by respondent, the record reveals that she was cooperative with investigation of her conduct by New Jersey disciplinary authorities (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [e]). That said, we have consistently held that the "conversion of client funds is a most serious violation of an attorney's ethical obligations" (Matter of Plimpton, 120 AD3d 1486, 1487 [3d Dept 2014] [internal quotation marks, brackets and citation omitted]). Given respondent's admitted misconduct in New Jersey, as well as her disciplinary resignation in that state, which would likewise result in disbarment in this state if she had sought same in this state (see e.g. Matter of Canney, 165 AD3d 1461 [3d Dept 2018]), we disbar respondent (see e.g. Matter of Sherman, 214 AD3d at 1066; Matter of Cresci, 175 AD3d 1670 [3d Dept 2019]; Matter of Malyszek, 171 AD3d 1445 [3d Dept 2019]; Matter of Patel, 166 AD3d 1463 [3d Dept 2018]).
Egan Jr., J.P., Pritzker, Lynch, Fisher and Mackey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: We note that respondent's disbarment in New Jersey occurred following her admissions that she could not successfully defend against the allegations that she knowingly misappropriated client funds and that she freely, voluntarily and without duress or coercion consented to her own disbarment in that state. As a result, her admissions in the New Jersey disciplinary proceeding waived any process she had due, and likewise established that there was not an infirmity of proof establishing her misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b] [1], [2]).